UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES FRANK LOWERY,<br><br>Petitioner,<br><br>v.<br><br>TIMOTHY WENGLER and THE ATTORNEY GENERAL OF THE STATE OF WASHINGTON,<br><br>Respondents. | Case No.  C08-5302/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**June 13, 2008** |

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and MJR 4.  Petitioner filed this action under 28 U.S.C. § 2254 challenging his 2002 convictions for First Degree Burglary, Trafficking in Stolen Property, Theft in the First Degree, and Theft of a Firearm.  (Dkt. # 1).  The Court's records reflect that this petition is successive.  Accordingly, the undersigned recommends that this file should be administratively closed and the case transferred to the Ninth Circuit in accordance with Circuit Rule 22-3(a).

**DISCUSSION**

Ninth Circuit Rule 22-3 (a) states:

(a) **Application**. Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application Must

REPORT AND RECOMMENDATION
Page - 1

be filed with the Clerk of the Court of Appeals.  No filing fee is required.  If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, **the district court shall refer it to the court of appeals.**

(Emphasis added).

Petitioner first filed a petition for writ of habeas corpus on February 21, 2006 in Case No. C06-5112RBL.  That petition was denied and dismissed with prejudice on July 19, 2006. (Dkt. # 21).  Thus, the petition before this Court is a "second or successive" petition and should be transferred to the Ninth Circuit Court of Appeals consistent with the dictates of Rule 22-3 (a).

## CONCLUSION

Accordingly, the Court should transfer this habeas corpus petition as a second or successive petition and administratively close the file.  A proposed order accompanies this Report and Recommendation.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 13, 2008**, as noted in the caption.

DATED this  16th  day of May, 2008.

Karen L. Strombom
United States Magistrate Judge